# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICIA KENNEDY,

        Plaintiff,

v.                                           Case No: 6:17-cv-640-Orl-37KRS

KSK INVESTMENTS LLC and HJ
FLORIDA INC.,

        Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEY'S FEES, COSTS, EXPERT WITNESS FEES AND LITIGATION EXPENSES (Doc. No. 20)
>
> **FILED:** September 16, 2017

### I. PROCEDURAL HISTORY.

On April 10, 2017, Plaintiff, Patricia Kennedy, filed a complaint against Defendants, KSK Investments, LLC and HJ Florida, Inc., alleging that Defendants violated the Americans with Disabilities Act ("ADA") by failing to comply with the Standards for New Construction and Alterations, 28 C.F.R. pt. 36, App. A, at the Days Inn Titusville Kennedy Space Center, a place of public accommodation. Doc. No. 1. On May 3, 2017, counsel for Defendants sent an email to Thomas Bacon, Esq., one of the attorneys for Plaintiff, asking for a proposed consent decree and

fee/cost demand, but the case was not resolved at that time. Doc. No. 21-1, at 1. Defendants answered the complaint on May 26, 2017. Doc. No. 14.

Thereafter, on August 18, 2017, counsel for the parties filed a Stipulation for Approval and Entry of Consent Decree and Dismissal of Case with Prejudice, which indicated that the parties agreed that the Court should reserve jurisdiction to determine the amount of attorneys' fees, litigation expenses and costs due to Plaintiff. Doc. No. 15. The Court approved the stipulation by order dated August 30, 2017, and gave counsel leave to file the above-referenced motion. Doc. No. 17. Defendants have responded to the motion. Doc. No. 21. By order of the Court, counsel for Plaintiff filed supplemental evidence of the costs and expenses incurred. Doc. No. 27.

The Court referred the motion to me for issuance of a Report and Recommendation. I required counsel for the parties to confer, again, in a good faith attempt to resolve the issues presented in the motion and response. Counsel for Defendants filed a transcript of this conference, which was attended by a court reporter. Doc. No. 23-1. Counsel were unable to resolve any of the issues in the motion. Accordingly, the motion is ripe for resolution.

## II. ANALYSIS.

Counsel for the parties agree that Plaintiff is entitled to an award of attorneys' fees, including litigation expenses and costs actually incurred. *See, e.g.,* Doc. No. 17 at 3 n.3. In support of the motion, Plaintiff filed the resumes of her counsel of record, Attorney Bacon and Philip Michael Cullen, III, Esq. Doc. Nos. 20-1, 20-2. Plaintiff also filed an invoice reflecting the tasks performed, the time expended by counsel and an unidentified paralegal, and a summary of costs and expenses without supporting documents showing the actual costs and expenses incurred. Doc. No. 20-3. Pursuant to an order of the Court, Plaintiff later filed supplemental affidavits of Attorneys Bacon and Cullen regarding the costs and expenses incurred. Doc. Nos. 27-1, 27-2.

First, I will address the reasonable fees for the work of Plaintiff's attorneys and a paralegal. Next, I will address the litigation expenses and costs sought by Plaintiff.

*A. Attorneys' Fees.*

The ADA authorizes a court, in its discretion, to allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. "In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'" *Ass'n of Disabled Ams. v. Neptune Designed, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

1. Reasonable Hourly Rates.

Plaintiff seeks a rate of $420.00 per hour for the work of Attorneys Bacon and Cullen. The resumes of these attorneys reflect that each of them has been practicing law for more than 30 years. Doc. Nos. 20-1, 20-2. Counsel cite three cases arising under the ADA in which judges determined that $420.00 per hour was a reasonable rate for the work of one or both of the attorneys representing Plaintiff in this case. Notably, the Defendants in these cases, *Houston v. South Bay Investors*, No. 13-80193-CV, 2013 WL 2874026, at * 1 (S.D. Fla. July 25, 2013), *Houston v. Arshak Corp.*, No. 0:13-cv-60752-RNS, Doc. No. 17 (S.D. Fla. May 22, 2013)[1], and *Access for the Disabled v. EDZ, Inc.*, 8:12-cv-2186-EAJ, Doc. No. 85 (Nov. 15, 2014), did not object to the hourly rate sought.

In this case, however, Defendants do object to the hourly rate sought, citing a number of cases in which judges of this Court have found that $300.00 per hour is a reasonably hourly rate for Attorneys Bacon and Cullen in ADA litigation.[2] I recommend that the Court find these cases

---

[1] This order was subsequently vacated. *Houston v. Arshak Corp.*, No. 0:13-cv-60-752-RNS, Doc. No. 27 (S.D. Fla. Nov. 25, 2013). The decision in *Arshak Corp.* is available on pacer.gov.

[2] *See, e.g., Harty v. Mal Motels*, No. 6:10-cv-1333-Orl-28GJK, 2012 WL 6541873, at *5 (M.D. Fla.

persuasive. As Judge Presnell stated in *Larkin v. Envoy Orlando Holdings LLC*, No. 6:15-cv-439-Orl-31GJK, 2015 WL 12857079, at * 2 (M.D. Fla. Dec. 21, 2015), ADA litigation of this type "is not complex litigation. It is essentially a form practice and no special skill is required." Accordingly, he found that the reasonable fee for the work of the plaintiff's attorney in that case was $300.00 per hour. *Id.*

In this case, the litigation was settled by stipulation only four months after the complaint was filed. This supports a finding that this was not complex litigation. There are also significant problems with the proof of costs and expenses incurred submitted by counsel, as discussed below. All of these factors and the decisions of judges in this District establish that $420.00 per hour is not a reasonable hourly rate for the work Plaintiff's counsel in this case. Accordingly, I recommend that the Court find that $300.00 is a reasonable hourly rate for the work of Attorneys Bacon and Cullen in this case.

As noted above, counsel for Plaintiff does not identify the paralegal who performed work in this case or provide any information about the paralegal's background and experience. Plaintiff seeks $115.00 per hour for the work of the paralegal. Courts in this district have found that $95.00 per hour is a reasonable rate for a paralegal working with Attorneys Bacon and Cullen in cases of this type. *See, e.g., Harty v. Mal-Motels*, 2012 WL 6541873, at * 5; *Hull Storey Retail Group, LLC*, 2012 WL 3853520, at * 4. Accordingly, I recommend that the Court find that $95.00 per hour is reasonable for any legal work performed by the paralegal.

---

Nov. 26, 2012), *report and recommendation adopted*, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012); *Nat'l Alliance for Accessibility, Inc. v. Hull Storey Retail Group, LLC,* No. 3:10-cv-778-J-35JBT, 2012 WL 3853520, at * 3-4 (M.D. Fla. June 28, 2012), *report and recommendation adopted*, 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012).

2. Reasonable Number of Hours.

Plaintiff filed a document entitled "Invoice" setting forth the time worked by Attorney Bacon ("TBB"), Attorney Cullen ("PMC, III") and a paralegal. Doc. No. 20-3. Defendant objects to the time expended as excessive to prepare routine documents, redundant and lacking billing judgment. Doc. No. 21, at 6 & n.3.

The Eleventh Circuit requires fee applicants to exercise billing judgment by excluding from their fee applications excessive, redundant, or otherwise unnecessary hours and hours "'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1291, 1301 (11th Cir. 1988))(emphasis omitted). Clerical or secretarial work performed by a paralegal is not compensable, and such work performed by an attorney is not compensable at an attorney's hourly rate for legal work. *See Norman*, 836 F.2d at 1306; *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002).

Attorney Bacon recorded 4.0 hours of work. Of that time, 1.3 hours involved discussion with the client.[3] This time is compensable. Similarly, 0.6 hours Attorney Bacon spent communicating with the expert about the property to be inspected is compensable.[4] Attorney Bacon also recorded 1.2 hours for reviewing the report of the expert and accompanying photographs.[5] Counsel for Defendant states that no such report and photographs were produced in discovery. Doc. No. 21, at 6 n. 3. I required Plaintiff to provide a copy of the expert report in

---

[3] 3/14/2017 call from client re problems at properties 0.9. 3/20/2017 Call with client re findings of initial investigation 0.4. Doc. No. 20-3, at 2.

[4] 3/14/2017 Call to expert to request inspection. 0.6. Doc. No. 20-3, at 2.

[5] 3/20/2017 review of expert reports and pictures 1.2. Doc. No. 20-3, at 2.

support of the supplemental briefing on litigation expenses and costs in order to determine whether a report was prepared and whether 1.2 hours was reasonable for reviewing the report. Doc. No. 26. Counsel for Plaintiff did not submit an expert report, and the invoice of the purported expert indicates that the expert compiled some photos but not that he prepared a report. Doc. Nos. 27, 27-1, at 11. Therefore, I recommend that the Court sustain the objection to 1.2 hours. Attorney Bacon also recorded 0.9 hours preparing an unidentified package for Attorney Cullen and emailing the document with case instructions.[6] This appears to have been purely clerical work that is not compensable at Attorney Bacon's hourly rate. Therefore, I recommend that 0.9 hours be awarded at a paralegal rate of $95.00 per hour.

Attorney Cullen recorded 14.9 hours of work. I recommend that the Court find that 0.9 hours reviewing documents regarding ownership and location of the property at issue and the proper agent for service of process are excessive[7], and I recommend that this time be reduced to 0.4 hours. Attorney Cullen also recorded 1.6 hours performing paralegal tasks[8], including preparing a summons and cover sheet, directions to a process server and preparation of form notices of related cases and a certificate of interested persons. I recommend that these tasks be compensated at the paralegal rate of $95.00 per hour. Finally, Attorney Cullen recorded 0.1 hour to 0.2 hours each for reviewing form orders, filed copies of documents he prepared, and a form notice of appearance by counsel for Defendant, which is excessive. Accordingly, I recommend that this time, which totalled

---

[6] 3/27/2017 preparation of package for PMC & e-mail with case instructions 0.9. Doc. No. 20-3, at 2.

[7] 3/29/2017 Review of PACER search record (1 case) 0.1; review of DBR records re: ownership 0.3; Review of property appraiser's records re: ownership 0.2; Internet research regarding location of businesses 0.1; Review of division of corporation's records re: resident agent 0.2. Doc. No. 20-3, at 2.

[8] 4/6/2017 Preparation of summonses 0.4; 4/7/2017 Preparation of cover sheet 0.2; 4/13/2017 email to process server w/ instructions 0.1; preparation of N/related case 0.3; Preparation of certificate of interested persons 0.2. 5/3/2017 Preparation of N/filing answers to court interrogatories 0.2. 5/3/2017 Preparation of N/filing answers to court interrogatories 0.2. Doc. No. 20-3, at 2-3.

1.0 hours hours[9], be reduced to 0.3 hours[10]. The remaining time spent in communicating with the client and opposing counsel, preparing answers to the Court's interrogatories; working on the settlement (including preparing draft documents and making revisions thereto), communicating with Attorney Bacon regarding the settlement, and preparing the fee motion are compensable. In sum, I recommend that the Court reduce Attorney Cullen's time for legal work by 1.1 hours, resulting in 12.2 hours of legal work, and find that 1.6 hours of Attorney Cullen's time is compensable at the paralegal rate of $95.00 per hour.

All of the work of the paralegal was clerical in nature and, therefore, none of it is compensable.[11]

If the Court accepts these recommendations, the lodestar attorney's fees would be as follows:

| Professional | Hourly Rate | Reasonable Hours | Fee |
|---|---|---|---|
| Attorney Bacon | $300.00 | 1.9 | $570.00 |
| Attorney Bacon | $95.00 | 0.9 | $85.50 |
| Attorney Cullen | $300.00 | 12.2 | $3,660.00 |
| Attorney Cullen | $95.00 | 1.6 | $152.00 |
| Paralegal | $95.00 | 0.0 | $0.00 |
| **Lodestar Attorney's Fees** | | | $4,467.50 |

---

[9] 4/13/2017 review of filed complaint 0.1; review of issued summons 0.2; review of related case order 0.2; review of interested case order 0.2. 4/28/2017 review of D N/Appearance 0.2. 5/3/2017 review of signed answers to court interrogatories 0.1. Doc. No. 20-3, at 3.

[10] Calculated as 0.1 hours total for reviewing each of the documents on 4/13/17, 0.1 hour for reviewing the notice of appearance on 4/28/2017; and, 0.1 review of the answer to the court interrogatories on 5/3/2017. Doc. No. 20-3, at 3.

[11] 10/10/2016 initial file set up 0.3. 4/7/2017 preparation of package for clerk 0.3. 1/29/2017 collate, scan & file answers to court interrogatories 0.2; file return of service 0.1; and Scan & collate motion for fees 0.3. Doc. No. 20-3, at 4.

B. *Litigation Expenses and Costs*.

Plaintiff seeks $455.00 in taxable costs, comprised of a $400.00 filing fee; a $30.00 service of process fee[12]; and a $25.00 accurint database search fee. The first two categories are taxable costs under 28 U.S.C. § 1920 and should be awarded. However, counsel for Plaintiff have not identified any category in § 1920 that compensates an accurint database search fee, and Attorney Bacon did not submit any supporting invoice showing that this cost was incurred in this case. Therefore, I recommend that the Court not award $25.00 for an accurint database search fee. In sum, I recommend that total costs in the amount of $430.00 be awarded.

Counsel for Plaintiff seek litigation expenses of $1,200.00 for the expert witness fee and an additional $1,000.00 described as a reinspection fee, but they initially provided no evidence in support of these expenses.[13] In his supplemental affidavit, Attorney Cullen attests that the inspection was conducted by Carlos Herrera, a licensed general contractor who specializes in ADA compliance matters. Doc. No. 27-2, at 2. However, the invoice Attorney Bacon submitted in support of the claimed expert witness expense bears the return address of Daniel Pezza at an address in Hollywood, Florida with no reference to Carlos Herrera, whose business appears to be located in Miramar, Florida.[14] Doc. No. 27-1, at 11. The invoice also has another discrepancy: it indicates

---

[12] In his supplemental affidavit, Attorney Bacon attests that the service of process fee was $225.00. Doc. No. 27-1, at 8. However, Plaintiff sought reimbursement for only $30.00 in the motion. Additionally, $225.00 exceeds the taxable service of process fee under 28 U.S.C. § 1921. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Therefore, I recommend that only $30.00 be taxed as a service of process fee.

[13] Attorney Cullen has been admonished previously for failing to attach expert invoices. *See Kennedy v. Spiegel*, No. 15-81621-CV, 2016 U.S. Dist. LEXIS 163155, at 13 (S.D. Fla. Nov. 23, 2016).

[14] *See Kennedy v. Del Viso, LLC*, No. 15-80699-CIV-BLOOM/VALLE, 2015 WL 13554982, at *2 (S.D. Fla. Oct. 23, 2015), in which the court refers to the expert report of Carlos M. Herrera. Review of that report on pacer.gov, Doc. No. 21, reveals both Mr. Herrera's address in Miramar, Florida and that he submitted an extensive expert report with a supporting declaration regarding his work. There is no declaration from Mr. Herrera in this case, and the invoice Attorney Bacon submitted is not consistent with the detailed report of his work that Mr. Herrera provided in *Del Viso, LLC*.

that the rate charged was $225.00 per hour, but the rate actually used in the invoice varied from $325.00 per hour to $156.50 per hour. Doc. No. 27-1, at 11.[15] Without a supporting affidavit from the expert who performed the work and an explanation for the varying hourly rates used, I recommend that the Court find that the evidence is insufficient to determine the reasonable expert fee incurred. Therefore, I recommend that the Court award no expenses for the work of an expert witness.

Finally, counsel for Defendant objects to the request for $1,000.00 for a reinspection fee. In his supplemental affidavit, Attorney Cullen concedes that no reinspection has occurred and that the does not know what the reinspection fee would be (indicating Mr. Herrera's reinspection fees usually range from $1,000.00 to $2,000.00). Doc. No. 27-2, at 3. I recommend that the Court find that it is not appropriate to award litigation expenses for a reinspection that has not occurred.[16] I further recommend that the Court find that even if a reinspection is conducted, counsel for Plaintiff have not provided a sufficient basis to conclude that the reasonable fee would be $1,000.00. *See, e.g., Harty v. Bapufi, Inc.*, No. 8:10-cv-2720-T-27TBM, 2012 WL 2044970, at * 4-5 (M.D. Fla. May 17, 2012)(noting that a fee for a reinspection that had not been paid was not compensable and

---

[15] The invoice included $450.00 for two hours of travel time at the rate of $225.00 per hour. This Court excludes travel time when, as in this case, there is no evidence that a local expert could not have performed the work. *See, e.g., Larkin*, 2015 WL 12857079, at * 2. Additionally, in *Larkin* the Court found that $150.00 per hour was reasonable for the work of an ADA expert. *Id.*

[16] It has been reported that reinspections often do not occur after ADA cases are settled and attorney's fees are paid. *See, e.g., South Florida Leads Nation in Controversial Disability Lawsuits*, Sun Sentinel (Jan. 11, 2014), http://articles.sun-sentinel.com/2014-01-11/news/fl-disability-lawsuits-strike-sf-20140112_1_plaintiffs-attorneys-lawsuits (last visited Nov. 21, 2017); Helia Garrido Hull, *Vexatious Litigants and the ADA: Strategies to Fairly Address the Need to Improve Access for Individuals with Disabilities*, 26 Cornell J.L. & Pub. Pol'y 71, 100 (2016)("The ability to profit off of the ADA and state disability laws is troubling, but it is made worse by the reality that there is no effective mechanism in place to ensure that the ADA violations underlying these lawsuits are ever cured.").

reducing the expert's hourly rate), *report and recommendation adopted*, 2012 WL 205373 (M.D. Fla. June 6, 2012).[17]

Attorney Bacon also reported in his supplemental affidavit $129.69 for unidentified services performed by Veritext Legal Solutions, Doc. No. 27-1, at 5. I recommend that these expenses not be awarded because they were not originally requested, no explanation has been provided for the services performed, and counsel for Defendant had no opportunity to address them.

### III.  RECOMMENDATIONS.

For the reasons addressed above, I **RESPECTFULLY RECOMMEND** that the Court grant in part and deny in part Plaintiff's Verified Application For Attorney's Fees, Costs, Expert Witness Fess And Litigation Expenses (Doc. No. 20). I further **RECOMMEND** that the Court award Plaintiff $4,467.50 in attorney's fees, $430.00 in taxable costs, and $0.00 in litigation expenses, for a total award of $4,897.50.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[17] Should the Court elect to award a reinspection fee, I note that judges of this Court have limited that fee to $250.00 to $350.00. *See, e.g., Kennedy v. Radio Road Plaza Inv., LLC,* No. 2:15-cv-630-JES-CM, Doc. No. 35 (M.D. Fla. Jan. 21, 2017)($300.00 reinpsection fee); *Harty v. Mal-Motels, Inc.*, 2012 WL 6541873, at * 9 ($350.00 reinspection fee), *report and recommendation adopted*, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012); *Access for Am. Inc. v. Oakwood Ctr., L.C.,* No. 8:02-cv-464-T-30MSS, Doc. No. 38 (M.D. Fla. July 22, 2003)($250.00 reinspection fee).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 24th, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy